IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEMETRIUS D. BOOKER,

Defendant.                                                                No. 10-30131-DRH

ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Demetrius Booker's Motion to Continue (Doc. 14) trial setting. Specifically, Defendant requests that his currently scheduled trial date of November 29, 2010 be continued until January as his counsel has not yet received discovery in the case and will not be able to view the Government's discovery until November 29, 2010. The Government does not object to the continuance. Based on the reasons in the motion, the Court finds that the trial should be continued in order to allow Defendant additional time to review discovery. The Court finds that pursuant to 18 **U.S.C. § 3161(h)(7)(A),** the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant's motion to continue (Doc. 14). The trial currently scheduled for November 29, 2010 is **CONTINUED** until **February**

**7, 2011 at 9:00 a.m.**  The time from the date the motion was filed, November 15, 2010, until the date on which the trial is rescheduled, February 7, 2011 is excludable for purposes of speedy trial.

In continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S. Ct. 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  ***See Bloate*, 130 S. Ct. at 1352**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued October 21, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 9), the Court notes that the time from the arraignment, October 21, 2010, until the date on which the twenty-one days expired, November 12, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on

the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 18th day of November, 2010.

David R. Herndon
2010.11.18 15:30:22
-06'00'

**Chief Judge**
**United States District Court**